# Exhibit H

IN THE MATTER OF AN ARBITRATION UNDER THE LONDON MARITIME ARBITRATORS' ASSOCIATION TERMS 2021 BETWEEN

**HD HYUNDAI HEAVY INDUSTRIES CO., LTD.**

Claimant

versus

**(1) GRACE OCEAN PRIVATE LIMITED**
**(2) SYNERGY MARINE PTE LTD**

Respondents

___

NOTICE OF ARBITRATION
___

| Wilmer Cutler Pickering Hale and Dorr LLP | Peter & Kim |
| --- | --- |
| 49 Park Lane | #3805 Trade Tower |
| London | 511 Yeongdong-daero |
| W1K 1PS | Gangnam-gu, Seoul 06164 |

18 September 2025

1. This Notice of Arbitration ("**Notice**") is served on behalf of the Claimant, HD Hyundai Heavy Industries Co., Ltd ("**HHI**"), in accordance with the London Maritime Arbitrators Association Terms 2021 (the "**2021 LMAA Terms**"), and pursuant to a written arbitration agreement between HHI and Grace Ocean Private Limited ("**Grace Ocean**") and Synergy Marine Pte Ltd ("**Synergy**") (Grace Ocean and Synergy are collectively referred to as "**Vessel Interests**").

**I.   THE PARTIES**

2. The Claimant is HHI, a company organised and existing under the laws of the Republic of Korea with its principal office at 1000 Bangeojinsunhwan-Doro, Dong-Gu, Ulsan, Korea.

3. HHI is represented in this arbitration by:

   Mr Gary Born
   Mr Charlie Caher
   Mr Matteo Angelini
   Wilmer Cutler Pickering Hale and Dorr LLP
   49 Park Lane
   London W1K 1PS
   United Kingdom
   +44 (0)20 7872 1000 (tel)
   +44 (0)20 7839 3537 (fax)
   gary.born@wilmerhale.com
   charlie.caher@wilmerhale.com
   matteo.angelini@wilmerhale.com

   Mr Kevin (Kap-you) Kim
   Mr John Bang
   Mr Mino Han
   Mr Cameron Sim
   Peter & Kim
   #3805 Trade Tower
   511 Yeongdong-daero
   Gangnam-gu, Seoul 06164
   Republic of Korea
   +82 2 538 2900 (tel)
   +82 2 538 2901 (fax)
   kevinkim@peterandkim.com
   johnbang@peterandkim.com
   minohan@peterandkim.com
   csim@peterandkim.com

4.   All communications to HHI in this arbitration should be made to HHI's representatives at the addresses in paragraph 3 above.

5.   The First Respondent, Grace Ocean, is a company organised and existing under the laws of Singapore with its principal office at 6 Shenton Way 17-08 Oue Downtown Singapore 068809; emails: graceocean@gmail.com; ship@graceoceanship.com.  To the best of HHI's knowledge, from 1 September 2016 onwards, Grace Ocean was the registered owner of the M/V Dali, a 9,200 TEU class container carrier sailing under the flag of Singapore (the "**Vessel**").

6.   The Second Respondent, Synergy, is a company organised and existing under the laws of Singapore with its registered office at 1 Kim Seng Promenade #12-01 Great World City East Tower, Singapore 237994; email: mail@synergymarine.sg.  To the best of HHI's knowledge, from 13 October 2016 onwards, Synergy was the manager of the Vessel pursuant to a Ship Management Agreement dated 1 September 2010 between Grace Ocean and Synergy ("**Ship Management Agreement**").

7.   This Notice is being served on the Vessel Interests by email to the email addresses specified at paragraphs 5 and 6 above.  A copy of the Notice will also be sent by courier to the postal addresses specified at paragraphs 5 and 6 above.

8.   HHI is aware that the Vessel Interests are jointly represented by the following individuals in relation to their dispute with HHI:

**Blank Rome LLP**

Terry M. Henry
terry.henry@blankrome.com
One Logan Square, 130 North 18th Street, Philadelphia, PA 19103
United States of America

William R. Bennett, III
william.bennett@blankrome.com
Thomas H. Belknap, Jr.
thomas.belknap@blankrome.com
Alan M. Weigel
alan.weigel@blankrome.com
1271 Avenue of the Americas, New York, NY 10020
United States of America

Emma C. Jones
emma.jones@blankrome.com
1825 Eye Street NW, Washington, DC 20006
United States of America

**Duane Morris LLP**

Robert B. Hopkins

rbhopkins@duanemorris.com
1201 Wills Street, Suite 330, Baltimore, MD 21231
United States of America

9. A copy of this Notice is, therefore, also being sent by email to the email addresses in paragraph 8.

## II. ARBITRATION AGREEMENT

10. This dispute arises out of a Settlement Agreement between HHI and the Vessel Interests dated 15 October 2021 (the "**Settlement Agreement**").

11. Clause 5 of the Settlement Agreement provides:

> "*The governing law and arbitration clauses contained in the Shipbuilding Contract shall also apply to this Settlement Agreement.*"

12. The Shipbuilding Contract referenced in Clause 5 of the Settlement Agreement was entered into between the original owner of the Vessel, Stellar Marine LLC ("**Stellar Marine**"), and HHI and is dated 14 May 2013 (the "**Shipbuilding Contract**").

13. Article XIV(1) of the Shipbuilding Contract is an arbitration clause, which provides as follows:

> "***If any dispute or difference shall arise between the parties hereto concerning any matter or thing herein contained, or the operation or construction thereof, or any matter or thing in any way connected with this CONTRACT or the rights, duties or liabilities of either party under or in connection with this CONTRACT, then, in every such case, the dispute or difference shall be referred to arbitration in London, England***. *The parties shall try to agree a sole arbitrator to conduct the arbitration.*
>
> *If the parties cannot agree upon the appointment of the sole arbitrator within two (2) weeks after one of the parties has given notice to the other party notifying that the other party wishes to refer the dispute to arbitration, the dispute shall be settled by three arbitrators, each party appointing one arbitrator, the third being appointed by the two arbitrators appointed by the parties. If either of the appointed arbitrators refuses or is incapable of acting, the party who appointed him or, in the case of the third arbitrator, the two arbitrators appointed by the parties shall appoint a new arbitrator in his place.*
>
> *If one party fails to appoint an arbitrator – either originally or by way of substitution – for two (2) weeks after the other party having appointed its arbitrator and served notice of appointment of each arbitrator, the London Maritime Arbitrators Association shall, after application from the party having appointed its arbitrator, also appoint an arbitrator on behalf of the party in default. The award of the arbitration made by the sole arbitrator or*

*by the majority of the three arbitrators as the case may be shall be final, conclusive and binding upon the parties hereto."*

14.  Article XIV(2) of the Shipbuilding Contract, in turn, provides:

*"**Any arbitration arising hereunder shall be governed by and construed in accordance with the Arbitration Act 1996 of England or any statutory modification or re-enactments thereof for the time being in force and with the rules of the London Maritime Arbitrator's Association for the time being in force***. The award of the Arbitration Tribunal shall be final and binding upon parties hereto."*

15.  Whilst the Parties' arbitration clause anticipates that the Parties will seek to agree a sole arbitrator in the first instance, HHI considers that a three-member tribunal is more appropriate for a dispute of this nature. HHI therefore invites the Vessel Interests to agree to a three-member tribunal, with HHI (as Claimant) and the Vessel Interests (as Co-Respondents) each appointing an arbitrator and those two arbitrators appointing a third arbitrator. For the avoidance of doubt, HHI remains willing to try to agree a sole arbitrator in the first instance, in accordance with the arbitration agreement, if that is the Vessel Interests' preference.

## III.    STATEMENT OF RELIEF

16.  On 26 March 2024, at about 1:30am local time, the Vessel was departing the Port of Baltimore towards Sri Lanka when it struck a support tower of the Francis Scott Key Bridge in Baltimore, Maryland, causing the bridge to collapse into the Patapsco River (the "**Allision**").

17.  On 31 July 2025, the Vessel Interests filed a lawsuit (the "**Complaint**") against HHI before the United States District Court for the Eastern District of Pennsylvania (the "**E.D. Pa.**"). The Complaint alleges claims by the Vessel Interests jointly against HHI based on: (a) strict products liability, (b) breach of implied warranties, (c) negligent misrepresentation, (d) negligence, and (e) indemnity or contribution (the "**E.D. Pa. Claims**").

18.  The Vessel Interests' E.D. Pa. Claims all arise out of HHI's design and manufacture of the Vessel pursuant to the Shipbuilding Contract, and are all premised on an implausible theory that HHI delivered the Vessel to Stellar Marine in January 2015 with an alleged defect, which somehow remained unnoticed for almost a decade, but then caused a power outage abruptly in March 2024 which in turn caused the Allision.

19.  The Vessel Interests are precluded under the Settlement Agreement from bringing the E.D. Pa. Claims against HHI, in particular by way of filing a US lawsuit against HHI. By pursuing the E.D. Pa. Claims., the Vessel Interests have breached both the operative terms of the Settlement Agreement, and the Parties' arbitration agreement. These breaches have caused HHI to suffer significant loss and damage, which it will quantify in due course.

20.  HHI seeks the following relief in arbitration:

   a.   A declaration that the Vessel Interests have breached Clauses 1, 2 and/or 6 of the Settlement Agreement by advancing their E.D. Pa. Claims against HHI;

b.  Further or alternatively, a declaration that the Vessel Interests have breached the arbitration agreement in Clause 5 of the Settlement Agreement by advancing their E.D. Pa. Claims against HHI in the E.D. Pa. instead of in LMAA arbitration;

c.  A declaration that HHI is not liable in respect of the Vessel Interests' E.D. Pa. Claims;

d.  A final mandatory injunction requiring the Vessel Interests to take all necessary steps to withdraw their Complaint and terminate the E.D. Pa. proceedings;

e.  All damages caused to HHI by the Vessel Interests' breaches of the Settlement Agreement, including all costs incurred in the E.D. Pa. proceedings, in an amount to be quantified in due course;

f.  An award requiring the Vessel Interests to pay all the costs and expenses of the present arbitration and to reimburse all of HHI's legal fees, expenses and other costs, including costs of its in-house counsel legal team, incurred in connection with the arbitration;

g.  An award requiring the Vessel Interests to pay interest on all sums awarded to HHI; and

h.  Such additional or other relief as may be just.

HHI reserves the right to amend, supplement, revise or otherwise modify its claims and the relief sought as appropriate during the course of these proceedings.

Respectfully submitted,

Gary Born
Charlie Caher
Matteo Angelini
Wilmer Cutler Pickering Hale and Dorr LLP
49 Park Lane
London
W1K 1PS
United Kingdom
Tel: +44 20 7872 1000
Fax: +44 20 7839 3537

Kevin (Kap-you) Kim
John Bang
Mino Han
Cameron Sim
Peter & Kim
#3805 Trade Tower
511 Yeongdong-daero
Gangnam-gu, Seoul 06164
Republic of Korea
Tel: +82 2 538 2900
Fax: +82 2 538 2901