WILMERHALE

July 20, 2026

**Alan E. Schoenfeld**

+1 212 937 7294 (t)
+1 212 230 8888 (f)
alan.schoenfeld@wilmerhale.com

**VIA CM/ECF**

The Honorable Kai N. Scott
United States District Court
  for the Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

> Re:   *Grace Ocean Private Limited et al. v. Hyundai Heavy Industries Co., Ltd.*,
>        **No. 25-cv-04374-KNS**

Dear Judge Scott:

On behalf of HD Hyundai Heavy Industries Co., Ltd., I submit this letter as invited by the Court to address the October 2025 and March 2026 district-court decisions first raised by Plaintiffs at the hearing on July 9, 2026.  Neither of these decisions (which are not binding on this Court), nor any other decision interpreting *Mallory v. Norfolk Southern Railway Co.*, 600 U.S. 122 (2023), justifies exercising personal jurisdiction over HHI on the facts of this case.

In *Blade v. Sig Sauer, Inc.*, multiple plaintiffs brought products-liability and negligence claims against Sig Sauer, a New Hampshire company that had registered to do business in Pennsylvania.  826 F. Supp. 3d 627, 629-630 (E.D. Pa. 2026).  The plaintiffs' claims were based on alleged defects with a model of pistol designed, manufactured, and sold by Sig Sauer.  *Id.* at 630.  Two plaintiffs were Pennsylvania residents; Sig Sauer marketed and distributed its products through direct sales and dealers in Pennsylvania; and Sig Sauer employed several Pennsylvania residents.  *Id.* at 630, 633.  Notably, the *Blade* court enumerated Sig Sauer's Pennsylvania contacts and described the manner in which Sig Sauer "took advantage of Pennsylvania law" as a company "doing business here."  *Id.* at 630.  What is more, the *Blade* court expressly relied on the involvement of the Pennsylvania plaintiffs in rejecting Sig Sauer's dormant Commerce Clause challenge to the corporate-registration statute:  "We need not decide whether the statute might prove unconstitutional in other circumstances.  We hold only exercising general personal jurisdiction here, based on Sig Sauer's registration as an out-of-state corporation *in a case brought by at least two Pennsylvanians*, does not offend the Dormant Commerce Clause."  *Id.* at 636 (emphasis added).  The factual allegations in *Blade* concerning Sig Sauer's forum contacts—and, therefore, the fairness of exercising personal jurisdiction in that case—are absent here, where both Plaintiffs are Singaporean (i.e., non-Pennsylvania) corporations; HHI is a Korean corporation; this lawsuit involves a custom-built vessel constructed in Korea and initially sold to a Marshall Islands corporation; the allision between the *Dali* and the Francis Scott Key Bridge took place in Maryland; and HHI does not employ any Pennsylvania residents.  Compl. ¶¶ 2-3; Kim Decl. ¶¶ 5, 33-34.

Wilmer Cutler Pickering Hale and Dorr llp, 7 World Trade Center, 250 Greenwich Street, New York, New York 10007

Berlin    Boston    Brussels    Denver    Frankfurt    London    Los Angeles    New York    Palo Alto    San Francisco    Washington

WILMERHALE

Honorable Kai N. Scott
July 20, 2026
Page 2

As for *Jasinski v. Kia America, Inc.*, the opinion's brief discussion of personal jurisdiction fails to engage in the reasoning of, or the fact-bound analysis required by, Part III-B of *Mallory*—the only part (other than Part I's statement of facts) joined by a majority of the Justices—and ignores the explanatory significance of Justice Alito's concurrence in the judgment. *Compare* 2025 WL 3047883, at *6 (E.D. Pa. Oct. 31, 2025), *with* Br. 10-15, *and* Reply 9-10. *Jasinski*'s cursory one-sentence discussion of the dormant Commerce Clause also gives unduly short shrift to the serious concerns raised by Justice Alito and left expressly unresolved by the other members of the *Mallory* majority. *See* Br. 15-17; Reply 10.

Respectfully submitted,

*/s/ Alan E. Schoenfeld*
Alan E. Schoenfeld