# BLANK<span style="color:red">ROME</span>

1271 Avenue of the Americas | New York, NY 10020

| | |
|---|---|
| *Phone:* | *+1 (212) 885-5270* |
| *Fax:* | *+1 (917) 332-3795* |
| *Email:* | *thomas.belknap@blankrome.com* |

July 22, 2026

**VIA CM/ECF**

The Honorable Kai N. Scott
United States District Court
for the Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

  Re: Grace Ocean Private Limited et al. v. Hyundai Heavy Industries Co., Ltd., No. 25-cv-04374-KNS

Dear Judge Scott,

  On behalf of Grace Ocean Private Limited and Synergy Marine Pte Ltd. ("Plaintiffs"), I submit this letter in response to Defendant's letter dated July 20, 2026 (ECF No. 47). Plaintiffs reiterate that both cases raised during the hearing held on July 9, 2026 are persuasive authority and are directly applicable to the question of this Court's personal jurisdiction over defendant Hyundai Heavy Industries Co., Ltd. ("Defendant").

  As noted by Plaintiffs at the hearing, both *Blade v. Sig Sauer, Inc.*, 826 F. Supp. 3d 627 (E.D. Pa. 2026) (issued March 5, 2026) and *Jasinski v. Kia Am., Inc.*, No. 25-CV-1234-JMY, 2025 WL 3047883 (E.D. Pa. Oct. 31, 2025), were issued after Plaintiff's opposition to Defendant's motion to dismiss or, in the alternative, stay pending arbitration was filed. (ECF No. 38, filed October 22, 2025). Therefore, it can be of no surprise that the cases were first raised at oral argument.

  Defendant's selective use of quotations from the *Sig Sauer* case mischaracterize the court's analysis. The court stated: "Sig Sauer <u>took advantage of Pennsylvania law</u> applying to out-of-state companies <u>doing business here</u> by registering to do business in Pennsylvania as an out-of-state corporation in 2002 and consenting to personal jurisdiction in Pennsylvania courts." (Defendant's quotations underlined). 826 F. Supp. 3d at 1. Clearly, Sig Sauer's registration to do business in Pennsylvania is the paramount consideration in the court's analysis. Moreover, the *Sig Sauer* court expressly rejected defendant's argument that its lack of connection to or operation within the Commonwealth warranted consideration in the analysis. *Id.* at 8. The *Sig Sauer* case examines and relies on both *Penn. Fire Ins. Co. of Phila. v. Gold Issue Min. & Mill. Co.*, 243 U.S. 93 (1917),

001191.00001/158763586v.1

BLANKROME

July 22, 2026
Page 2

and *Mallory v. Norfolk S. Ry. Co.*, 600 U.S. 122 (2023), both binding precedent on this Court, and both discussed, at length, in Plaintiff's Opposition to Defendant's Motion to Dismiss. (ECF No. 38).

Defendant seeks to lessen the import of *Jasinski* because it devotes only one sentence to an analysis of the Dormant Commerce Clause. But the "brief discussion" referenced by Defendant says all it needs to say to inform this Court's analysis:

> Defendant's registration to do business in Pennsylvania, coupled with its appointment of a registered agent, satisfies § 5301 and independently establishes personal jurisdiction. Under *Mallory* and *Bane*,[1] no further "minimum contacts" analysis is necessary. The Court is not persuaded by Defendant's argument that Pennsylvania's statutory framework violates the Dormant Commerce Clause to the extent that it establishes personal jurisdiction based on registration to do business.

2025 WL 3047883, at *6.

*Sig Sauer* and *Jasinski* confirm that courts within this District have rejected the notion that any "minimum contacts" analysis is required where, as here, a party has registered to do business in the state and appointed an agent for service of process. This Court should do the same.

Respectfully submitted,

Thomas H. Belknap, Jr.

---

[1] *Bane v. Netlink, Inc.*, 925 F.2d 637 (3d Cir. 1991), also cited in Plaintiff's Opposition to Defendant's Motion to Dismiss. ECF No. 38.